LINN, Circuit Judge, with whom PLAGER, Circuit Judge, joins, dissenting. The majority concludes that Congress implicitly limited preference eligible Federal Bureau of Investigation (“FBI”) employees’ statutory right to challenge adverse employment actions under 5 U.S.C. §§ 7513 and 7701 by creating an administrative enforcement scheme available to all FBI employees. I respectfully dissent from this implicit limitation of an explicit right. I The perspective underlying much of the majority’s reasoning is that Parkinson is an FBI employee first, and a preference eligible veteran second. Thus, the majority concludes that “the [Merit Systems Protection Board (‘Board’) ] does not have jurisdiction to hear preference eligible FBI employees’ claims of whistleblower reprisal under § 7701(c)(2)(C).” Maj. Op. at 715. However, Parkinson does not ask the Board to review his claims of whistleblower retaliation—Parkinson asks the Board to review the propriety of the FBI’s adverse employment action under 5 U.S.C. § 7513(d) (“An employee against whom an action is taken under this section is entitled to appeal to the Merit Systems Protection Board under section 7701 of this title.”). The majority acknowledges that Congress intended to give Parkinson the right, as a preference eligible veteran, to have the Board and this court review the FBI’s adverse employment action. Maj. Op. at 712. Congress empowered the Board and this court to ask and answer the following question: was the FBI’s adverse employment action taken “for such cause as will promote the efficiency of the service”? 5 U.S.C. §. 7513(a). Congress unambiguously required the Board to vacate the Agency action, even if supported by substantial or preponderant evidence, where the Board concludes that the Agency action was pro-eedurally flawed, where the basis for the Agency action is prohibited, or where “the decision was not in accordance with law.” 5 U.S.C. § 7701(c)(2)(A-C). It is undisputed that a decision to remove an FBI employee motivated by whistleblower retaliation is not in accordance with law under 5 U.S.C. § 2303. The answer to the Board’s congressionally mandated inquiry of whether Parkinson’s removal “will promote the efficiency of the service” rests 'on a determination of whether the removal was motivated by whistleblower retaliation. If Parkinson’s allegation of whistleblower reprisal is proven, then Congress requires the Board to vacate the adverse employment action. Thus, the whistleblower retaliation determination is part and parcel of the determination at the heart of the Board’s jurisdiction. The Board’s review authority over adverse employment action taken against a preference eligible FBI employee is explicit,’ as is the Congressional intent that an action taken against such an employee may not be sustained if based on a violation of law. Because an adverse employment action against an FBI employee based on whistleblower retaliation is a violation of law, 5 U.S.C. § 2303, the Board straight-forwardly has jurisdiction to consider Parkinson’s contention that his removal was premised on whistleblower retaliation. The majority, however, concludes to the contrary. The ihájority instead infers a congressional intent to prohibit preference eligible veterans at the FBI from challenging adverse employment actions based on whistleblower retaliation. The majority broadly relies ón:' (1) the relationship of § 2302 and § 2303 and (2) an implication from ’§ 7701. These are addressed below. II To the extent that the statutory scheme is reasonably amenable to the majority’s restriction, such ambiguity must be resolved in the veteran’s favor. See Terry v. Principi, 340 F.3d 1378, 1384 (Fed. Cir. 2003) (“[I]t is a well-established rule of statutory construction that when a statute is ambiguous, ‘interpretive doubt is to be resolved in the veteran’s favor.’” (citing Brown v. Gardner, 513 U.S. 115, 118, 115 S.Ct. 552, 130 L.Ed.2d 462 (1994))). The majority’s decision is proper only if the statutes unambiguously require the restriction on Parkinson’s right to present a whistleblower reprisal affirmative defense. With respect to § 2303, I agree that § 2303 “establishes a separate and independent whistleblower scheme for FBI employees, which does not provide for review at the Board or in this Court.” Maj. Op. at 715. However, nothing in the majority opinion explains why the. internal procedure created under § 2303 provides the exclusive mechanism to consider whistle-blower retaliation at the FBI. ' The reference to “any employee of the Bureau” in § 2303, Maj. Op. at 715,‘merely addresses who the offender.is—it protects FBI employees from whistleblower reprisals made by “any employee.” It does not indicate that “any” (or all) allegations of whistleblower retaliation at the FBI may only be considered internally under the Attorney General’s scheme. As I read the statute, it merely provides an administrative scheme for the enforcement of a right available- to all FBI employees. .Such an affirmative grant does not and should not implicitly limit the judicial review explicitly available to a select class .of employees that implicates the same right. The fact that § 2303 does, not , distinguish between preference eligible and not preference eligible employees, Maj. Op. at 715-16, cuts against the majority’s interpretation of the overall statutory scheme that singles out preference eligible FBI employees and hamstrings their right of Board review of adverse employment actions taken against them. The majority also wrongly relies on the combination of the “broad and encompassing language of § 2303, and the corresponding broad exclusion of the FBI from § 2302” to infer a congressional intent of exclusively internal review, Maj. Op. at 715-16. There are several problems with this reasoning. First, the exclusion of the FBI from § 2302 says nothing about whether the enforcement mechanism of § 2303 is-the exclusive mechanism available to FBI employees. Second, § 2303 limits qualifying disclosures to those made “by the employee to the Attorney General (or an employee designated by the Attorney General for such purpose).” The exclusion of the FBI from § 2302 thus has the effect of limiting the types of qualifying disclosures available to FBI agents. It says nothing about the adjudicatory body available to remedy whistleblower reprisal. Section 2303 prohibits certain actions by the FBI and gives the Attorney General and the President the power to enforce those prohibitions, but it nowhere indicates that the resulting administrative enforcement scheme is intended to be exclusive, or that employees with - judicial appeal rights under §§ 7701, 7511, and 7513 cannot contest adverse employment actions taken against them as based on those same prohibited actions. Ill The -majority, also- concludes that § 7701(c)(2) itself limits Parkinson’s rights to assert § 2303 as part of his challenge to the FBI’s employment action. Maj. Op. at 715-17.1 disagree. First, allowing an affirmative defense of whistleblower retaliation under § 7701(c)(2)(C) referencing § 2303 does not render § 7701(c)(2)(B) superfluous. The majority does not explain how the fact that “a violation of § 2302(b)(8) would also qualify as' a ‘violation of law’ under § 7701(c)(2)(C),” Maj. Op. at 716, applies to the instant situation, where the premise is that § 2302(b)(8) does not apply. In other words, the majority’s hypothetical is flawed, because the FBI cannot take action that is a “violation of law” based on § 2302(b)(8) because of the FBI’s exclusion from the' definition of “agency” in § 2302(b)(8). Indeed, the inapplicability of § 2302(b)(8) is the reason we are considering § 7701(c)(2)(G) at all in this case. If it weré otherwise, Parkinson’s right to assert whistleblower reprisal to challenge his removal would be found under § 7701(c)(2)(B);. The “general/specific canon of statutory construction,” Maj. Op. at 716, is thus also inapplicable—there is no superfluity .because the scope of the two provisions is facially different. See Parkinson v. Dep’t of Justice (“Panel Op.”) 815 F.3d 757, 774 (Fed. Cir. 2016), vacated by 691 Fed.Appx. 909 (Fed. Cir. 2016) (per curiam order, granting petition for rehearing en banc) (distinguishing RadLAX Gateway Hotel, LLC v. Amalgamated Bank, 566 U.S. 639, 132 S.Ct. 2065, 182 L.Ed.2d 967 (2012)). If § 7701(c)(2)(B) explicitly excluded FBI employees from raising an affirmative defense of whistleblower retaliation, then the majority’s argument might be more convincing. Here, however, the FBI’s exclusion is in § 2302(b)(8). There is no basis to conclude that Congress intended the FBI’s exclusion from § 2302(b) as an affirmative restriction on the availability of affirmative defenses at the Board described in § 7701(c)(2), rather than as a restriction on statutes that rely on the criteria of § 2302(b) to establish jurisdiction, such as the right of review in 5 U.S.C. § 1214(a)(3) and the independent right of action in 5 U.S.C. § 1221. At bottom, there is no unambiguous exclusion of preference eligible FBI employees from the right to assert an affirmative defense of whistleblower reprisal in either §§ 2302, 2303 or § 7701. IV The majority bases its decision on two additional arguments based on congressional consideration and action: (1) Congressional concern for national security arising out of judicial adjudication of FBI whistleblower reprisals, Maj. Op. at 716-17, and (2) later Congressional consideration and rejection of greater whistleblower protection for FBI employees. Maj. Op. at 717-18. The legislative history only goes to show that Congress determined that the security risk of adjudicating all FBI employees’ whistleblower complaints at the Board outweighed the benefits, in a similar way that Congress decided that adjudicating all FBI employees’ removals at the Board outweighed the benefits. Congress, however, granted preference eligible FBI employees the right to Board review of certain employment actions despite these risks. Panel Op., 815 F.3d at 771-74. As explained in Section I above, the right to challenge the employment action on the basis of whistleblower reprisal attaches to the right to contest the employment action. Neither the Government nor the majority argue that adjudicating whistleblower reprisals leading to adverse employment actions pose greater security and disclosure risks than adjudicating the removals themselves. Moreover, nothing in the legislative commentary or proposed legislation referenced preference eligible FBI employees. All of the cited post-Civil Service Reform Act legislative activity is consistent with the availability of judicial review of Parkinson’s removal, including his challenge that the removal was motivated by whistleblower retaliation. V At base, I disagree with the majority’s framing of the issue from the perspective of Parkinson as an FBI employee first, and disregarding the congressional intent manifest in §§ 7701 and 7513 that gives preference eligible FBI employees a right to challenge certain adverse employment actions by alleging that the action taken was not in accordance with law. I therefore respectfully dissent.